UNITED STATES BANKRUPTCY COURT       NOT FOR PUBLICATION
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
In re

    TANNING BED, INC.                      Case No. 14-12790 K

                          Debtor
------------------------------------------------------------------

OPINION AND ORDER

        Counsel invite the Court to answer this question: Does a 90-day "no-fault, early-termination clause" in a commercial real estate lease "trump" the 120 days that 11 U.S.C. §365(d)(4) gives to a Chapter 11 D-I-P before it has to decide whether to assume or reject the lease? They agree that if it does, then this landlord's motion under 11 U.S.C. § 362(d) seeking permission to give the 90-day notice to the Debtor should be granted. If not, then the Debtor (which operates a chain of tanning salons, and states that the location in question is very profitable) will enjoy both the 120 days provided by statute <u>and</u> the 90 day termination notice to continue making more money at that location.

        The Court declines the invitation, and grants the landlord's § 362 Motion for the following reasons.

        First, to the extent that the parties seem to agree that §362 is substantively important, the Court rejects that formulation. The landlord has not threatened to violate §362 and has not violated it. The Debtor's argument that

termination "contradicts the very nature of § 362, which seeks to preserve assets . . ." is not the issue.  That would be the issue only if the landlord were to argue that its ability to serve the 90-day notice is not within the scope of the § 362 stay.  It does not make that argument, and in fact has sought relief from the automatic stay.

That request will be granted because (1) the 120 days is almost past, (2) the Debtor has no available "choices," and (3) the insertion of the 90-day termination clause in the Third Amendment to the original 1997 Lease seems to have turned what was stated to be a 2-year extension of the lease into 2-year's worth of 90-day leases, renewed every day that neither side serves a termination notice.

As to "(1)" above, the case was filed on December 11, 2014 and the landlord's § 362 Motion was not filed until February 9, 2015.  The 120-day period was half-gone.  Morever, the landlord chose March 4, as the "return date" for the Motion, thus letting another month go by.  On March 4, counsel agreed to submit briefs.  Those were filed, and at the continued hearing on March 11 the Court took the matter under submission.  It is now March 26.  The 120 days will have run on or about April 11 and the issue will be mooted because either the Debtor will scramble to assume the lease so as to buy 90 more days, or § 365(d)(4)(A) will "kick-in" and require "immediate surrender" of the premises.

Second, the purposes and policy behind the 120-day "grace" provided by the statute are not applicable in this case.  This Debtor did not need time to decide, for the benefit of creditors, whether to assume, assume and assign, or reject the Lease.

(A) It would not "reject" unless it decided to close, turn over the keys, and treat 90 days of future rent as "damages" that would become a pre-petition claim under 11 U.S.C. § 365(g)(1) rather than an administrative claim. That scenario does not apply because the Debtor has stated its intent to operate at that location as long as it can. (B) It cannot "assume and assign" because no entity would buy a 90-day leasehold from this § 541 estate. It would go directly to the landlord and say "Here's why you want us as a tenant. Go get permission from the court to serve the 90-day notice of termination." (C) It can only "assume" on Day 120 (if the Court approves such assumption)[1] and thereby buy 90 days more of operation.

Finally from 1997 to 2014 there was no unilateral no-fault termination clause in the Lease or its amendments. To the contrary, the original Lease defined the tenant's filing of a petition for relief under the Code as a "default," and expressly recognized what was a 60-day limit, at that time, to "assume or reject." The point is that the 2014 Amendment to the Lease rendered the Lease internally inconsistent in at least two ways, so far as the "new" 90-day termination option is concerned. The "new" provision ignored the original 1997 provision that was specific as to a Chapter 11 (or other) filing. And that 2014 Amendment specifically purported to be a two-year extension that "ratified and confirmed" the "Existing Lease."

In sum, the facts and circumstances of this case require that the Court

---

[1] The "fact" (if true) that that location is profitable does not mean that the entire § 541 estate would benefit from "assumption."

promptly enter its well-considered view without the delays that naturally attend a choice to write a decision for publication.

      The Rule 4001(a)(3) stay is waived.  The landlord may now serve the 90-day notice.

      SO ORDERED.

Dated:    Buffalo, New York
           March 26, 2015

                              s/Michael J Kaplan
                              _____
                                 U.S.B.J.